**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION - DETROIT**

IN THE MATTER OF:

LAWRENCE C FETHEROLF, II
a/k/a LARRY C FETHEROLF, II
PAULA M FETHEROLF
f/k/a PAULA M GRABOWSKI

    S.S. # XXX-XX-9798
    S.S. # XXX-XX-2981

                                                 Chapter 13
                                                 Case No. 11-70638
                                                 Hon. Marci B. McIvor

                     Debtor(s).
_____/

# CHAPTER 13 PLAN

    [X] Original  **OR**  [] Modification #____                [X] pre-confirmation *or* [] post-confirmation

**I.  PLAN PAYMENTS & DISBURSEMENTS**: This is the Debtor's latest Chapter 13 Plan. The following Classes of claims are established for payment from funds available by the Trustee except those identified as "direct payments" as indicated herein.

    A.  *The Commitment period for this Plan is no less than -60 months.*
    B.  The Debtor shall make payments in the amount of **$207.03 biweekly (frequency)**.
    C.  Plan length:   **60  months**, commencing on the date of entry of the Order Confirming Plan, which shall also be the effective date of the Plan. The Trustee is hereby authorized to automatically adjust the Plan length an additional six (6) months to accomplish the purposes of this Plan, but in no event shall this Plan last more than five (5) years.
    D.  Debtor commit   100  % of all tax refunds received or entitled to after commencement of the case, and shall not alter any withholding deductions/exemptions without Court approval.
    E.  Treatment of claims:

        **1.  Class One - Administrative Expenses:**

            a.  *Trustee fees* as determined by statute.
            b.  *Attorney fees and costs:* An agreed fee of $ *  less amounts paid as reflected in the Rule 2016(b) Statement, leaving a balance due of $ *  plus costs advanced in the amount of $  N/A*  which totals $ * . Said sum to be paid ~~at the rate of $  per month.~~ IN FULL.

\*  Debtor's attorney shall file a fee application. If the Order Confirming Plan provides for allowance of attorney's fees by application, Trustee shall withhold from distribution $3,000.00 pending approval of a Fee Application to be filed within 30 days from the date of confirmation. If fee application is not filed within 30 days, withheld funds shall be released for distribution.

        **2.  Class Two - Continuing Claims:** Those secured claims on which the last payment is due beyond the length of the Plan [11

        \*        Debtor's attorney shall file a fee application. If the Order Confirming Plan provides for allowance of attorney's fees by application, Trustee shall withhold from distribution $3,000.00 pending approval of a Fee Application to be filed within 30 days from the date of confirmation. If fee application is not filed within 30 days, withheld funds shall be released for distribution.

U.S.C. § 1322(b)(5)]. To the extent such claims are non-modifiable pursuant to 11 U.S.C. § 1322(b)(2), the Trustee shall adjust the monthly payment to such creditors upon compliance by the creditor with L.B.R. 3015-1(a)(9)(E.D.M.) and the Debtor shall increase Plan payments as needed for such compliance.

   a. Post-Confirmation

| Creditor/Collateral | Monthly Payments |
|---|---|
| TCF National Bank<br>101 E. 5th Street, Suite 101<br>Saint Paul, MN 55101/<br>*Residence*<br>*15557 Timbers Edge Drive*<br>*Clinton Township, MI 48035* | $1,488.59* |
| Brookstone Condominium Association<br>c/o Management by Design<br>P.O. Box 66788<br>Phoenix, AZ 85082-6788/<br>*Residence*<br>*15557 Timbers Edge Drive*<br>*Clinton Township, MI 48035* | $50.00* |

*Debtor to pay direct - Current

   b. Post-Petition/Pre-Confirmation Arrears -

| Creditor/Collateral | Arrears Amount | Interest Rate | Estimated Monthly Payment | Time to Cure |
|---|---|---|---|---|
| NONE | | | | |

3. **Class Three - Executory Contracts and/or Unexpired Leases** [11 U.S.C. § 1322(b)(7) and 11 U.S.C. § 365]

   a. Continuing, Post-Petition Obligations:

| Creditor/Collateral | Assume/reject/Assign? | If Assumed, Regular Payment per Month | Lease/contract Expiration Date |
|---|---|---|---|
| NONE | | | |

   b. Pre-Petition Obligations:

| Creditor/Collateral | If Assumed, Amount of Default | If Assumed, Number of Months to Cure from Confirmation Date + Interest Rate | If Assumed, Monthly Payment on Cure |
|---|---|---|---|
| NONE | | | |

4. **Class Four - Arrearages on Continuing Claims:** [11 U.S.C. § 1322(b)(5)]

   a. Pre-Petition Arrears

| Creditor/Collateral | Arrears Amount | Interest Rate | Estimated Monthly Payment | Estimated Number of Months to Cure from Confirmation Date |
|---|---|---|---|---|
| NONE | | | | |

5. **Class Five - *Non-continuing* ~~Other~~ Secured Claims:** Secured claims other than those listed in Classes Two and Four on which the last payment will come due within the Plan duration.

2

a. *Other Secured Claims*

| Creditor/Collateral | "Crammed Down" [11 U.S.C. 1325(a)(5)] or "Modified" [11 U.S.C. 1322(b)(2)] Indicate Which | Market Value | Interest Rate | Monthly Payment (Incl. Interest) | Total to Pay (Incl. Interest) | Number of Months to Cure from Confirmation Date |
|---|---|---|---|---|---|---|
| Macomb County Treasurer 1 South Main Street, 2nd Floor Mt. Clemens, MI 48043/ *Residence* *15557 Timbers Edge Drive Clinton Township, MI 48035* | Modified | $188,000.00 | 12% | $109.22 | $6,553.22 | 60 |
| Charter Township of Clinton Water & Sewer Department P.O. Box 553160 Detroit, MI 48255-3160/ *Residence* *15557 Timbers Edge Drive Clinton Township, MI 48035* | Modified | $188,000.00 | 6% | $12.08 | $725.01 | 60 |
| L.O.C. Federal Credit Union 22981 Farmington Road Farmington, MI 48336/ *2010 Ford Flex* | Per Contract | $20,000.00 | Per Contract | $513.00* | Per Contract | n/a |
| Ford Motor Credit P.O. Box 542000 Omaha, NE 68154/ *2012 Ford Fusion* | Per Contract | $20,000.00 | Per Contract | $353.84* | Per Contract | n/a |
| TCF National Bank 101 E. 5th Street, Suite 101 Saint Paul, MN 55101/ *Residence* *15557 Timbers Edge Drive Clinton Township, MI 48035* | Lien Strip | $188,000.00 | $0.00** | $0.00** | $0.00** | n/a |

*Debtor to pay direct - payments current

** Debtor's will be filing an adversary proceeding to strip the junior lien of TCF National Bank contemporaneously with this plan pursuant to § § 1322(b)(2) and 506(a) of the Bankruptcy Code. Upon a determination that the value of TCF National Bank.'s secured claim is zero the full amount of the claim shall be treated as a Class 8 general unsecured claim. Upon completion of all payments under the terms of this plan and entry of an Order Discharging Debtors, the Debtors may record, a certified copy of the Order stripping the lien of TCF National Bank with a copy of the debtor's Chapter 13 discharge Order attached, with the Macomb County Register of Deeds, which will constitute and effectuate the discharge of the Mortgage.

6. **Class Six - Priority Unsecured Claims:** [11 U.S.C. § 1322(a)(2)]

    a. Non-Assigned Domestic Support Obligations [11 U.S.C. § 1322(a)(2)]

| Creditor | Amount | Interest Rate |
|---|---|---|
| NONE | | |

b. Assigned Domestic Support Obligations [11 U.S.C. § 1322(a)(4)]

| Creditor | Amount | Interest Rate |
|---|---|---|
| NONE | | |

c. All Other Priority Unsecured Claims [11 U.S.C. § 1322(1)(2)]

| Creditor | Amount | Interest Rate |
|---|---|---|
| NONE | | |

7. **Class Seven - Special Unsecured Claims** shall be paid in full and ~~concurrently with~~ **prior to** Class Eight General Unsecured Claims.

| Creditor | Amount | Interest Rate | Reason for Special Treatment |
|---|---|---|---|
| NONE | | | |

8. **Class Eight - General Unsecured Claims:** shall be paid no less than their pro rata share of $12,935.67 or the case shall continue for the length stated, whichever will yield a greater dividend.

9. **Other Provisions:** Insert as necessary.

II. **GENERAL PROVISIONS**

  A. **THIS PLAN FOLLOWS THE TRUSTEE'S PLAN IN ALL RESPECTS, WITH THE EXCEPTION OF**:
     I.C; I.E.1.b; I.E.4, 7 & 8; II.F.1; II.F 3; II.L;

  B. **VESTING, POSSESSION OF ESTATE PROPERTY AND LIEN RETENTION**: Upon confirmation of the Plan, all property of the estate shall vest in the Debtor [11 U.S.C. § 1327(b)]. The Debtor shall remain in possession of all property of the estate during the pendency of this case unless specifically provided herein [11 U.S.C. 1306(b)]. All secured creditors shall retain the liens securing their claims unless otherwise stated.

  C. **SURRENDER OR ABANDONMENT OF COLLATERAL**: Upon confirmation, the automatic stay is lifted as to any collateral treated as surrendered or abandoned.

  D. **PROHIBITION AGAINST INCURRING POST-PETITION DEBT**: While this case is pending, the Debtor shall not incur a debt in excess of $1,000.00 without first obtaining approval from the Court.

  E. **UNSCHEDULED CREDITORS FILING CLAIMS:** If a pre- or post-petition creditor is not listed in the Chapter 13 Schedules, but files a proof of claim, the Trustee is authorized to classify the claim into one of the existing classes under this Plan and to schedule the claim for payment within that class.

  F. **PROOFS OF CLAIMS FILED AT VARIANCE WITH THE PLAN:** In the event that a creditor files a proof of claim that is at variance with the provisions of this Plan, the following method is to be employed to resolve the conflict:

  1. Regarding claims for which the Plan does not propose a "cramdown" or modification, the proof of claim shall supersede the Plan as to the claim amount, percentage rate of interest, monthly payments, classification of the claim, ~~percentage of interest on arrears,~~ if any, but the proof of claim shall not govern as to the valuation of collateral. **Except the Claim of TCF National Bank as to**

**the second mortgage on Debtor's residence, which shall be treated as a Class 8 unsecured claim. The Plan shall govern as to percentage of interest on arrears, if any.**

2. As to claims for which the Plan proposes a "cramdown" or modification, the proof of claim governs only as to the claim amount, but not with respect to any of the other aforementioned contractual terms.

3. If a holder of a claim files a proof of claim at variance with this Plan or related schedules, the Trustee shall automatically treat that claim as the holder indicated, unless provided otherwise by order of the Court. **Except the Claim of TCF National Bank as to the second mortgage on Debtor's residence, which shall be treated as a Class 8 unsecured claim.**

4. A proof of claim or interest shall be deemed filed under 11 U.S.C. § 501 for any claim or interest that appears in Classes Two, Three, Four or Five of this Plan, except a claim or interest that is disputed, contingent or non-liquidated and labeled as such in this Plan.

    **NOTE:** Debtor reserves the right to object to any claim.

G. **TAX RETURNS AND TAX SET-OFFS:** All tax returns which have become due prior to the filing of this Plan have been filed except the following (see LBR 2083-1 (E.D.M.) regarding non-filed returns): NONE

H. **DEBTOR ENGAGED IN BUSINESS:** [ ] If the box to the immediate left is "checked", the Debtor is self-employed **AND** incurs trade credit in the production of income from such employment.

   1. 11 U.S.C. § 1304(b) and (c) regarding operation of the business and duties imposed upon the debtor are incorporated herein by reference.

   2. The Debtor shall comply with the provisions of LBR 3015-1(a)(8) and 2003-2(a)(b) (E.D.M.) unless the Court orders otherwise.

I. **ORDER OF PAYMENT OF CLAIMS:** Class *One a. and b.* claims shall be paid in advance of all claims, Then Classes Two and Three in advance of all remaining classes, then Classes Four and Five, then Class Six, *unless the consent of a non-assigned domestic support claimant is not obtained, payments shall be made pursuant to 1322(a)(2),* and then Classes Seven and Eight shall be paid as stated in each respective section. [LBR 3015-1(a)(5) (E.D.M.)]

J. **WORKSHEET:** The worksheet on a form available from the clerk's office, is required by LBR 3015-1(b)(2) (E.D.M.). It is attached hereto and incorporated herein by reference.

K. **CONFLICT OF DEBT AMORTIZATION:** If the amortization figures conflict with respect to those stated in Class 2b, Class 3, Classes 4, Class 5, the time to cure shall be paramount, and the Trustee shall make alterations to implement this statement.

L. **DEBTOR DUTY TO MAINTAIN INSURANCE:** Debtor shall maintain all insurance required by law and contract upon property of the estate and the Debtor's property. ~~After confirmation of this Plan, if the Debtor fails to maintain full coverage collateral protection insurance as required above, any party in interest may submit an affidavit of default and in the event that the default is not cured within ten (10) days from the date of service of the affidavit upon the Debtor, Debtor's counsel and the Trustee, said party may submit an Order Granting Relief from the Automatic Stay as to the collateral to the Court along with a further affidavit attesting to the Debtor's failure to cure. Said Order shall be granted without motion or hearing.~~

M. **ENTRY OF ORDERS LIFTING STAY:** Upon entry of Order Lifting Stay, no distributions shall be made to the secured creditor until such time as an amended claim is filed by such creditor.

N. LIQUIDATION ANALYSIS AND STATEMENT OF VALUE OF ENCUMBERED PROPERTY [L.B.R. 3015-1(b)(1)]:

| TYPE OF PROPERTY | FAIR MARKET VALUE | LIENS | DEBTORS' SHARE OF EQUITY | EXEMPT AMOUNT | NON-EXEMPT EQUITY |
|---|---|---|---|---|---|
| Real Property Residence 15557 Timbers Edge Drive Clinton Township, MI 48035 | $188,000.00 | $276,545.00 | $0.00 | $40,573.00 | $ 0.00 |
| HHG/Personal Effects | $6,000.00 | $0 | $6,000.00 | $6,000.00 | $ 0.00 |
| Wearing Apparel | $800.00 | $0 | $800.00 | $800.00 | $ 0.00 |
| Furs/ Jewelry | $1,900.00 | $0 | $1,900.00 | $1,900.00 | $ 0.00 |

| | | | | | |
|---|---|---|---|---|---|
| Cash on Hand/Bank Accounts | $1,028.00 | $0 | $1,028.00 | $1,028.00 | $ 0.00 |
| Books, Pictures and Other Art Objects; Collectibles | $100.00 | $0 | $100.00 | $100.00 | $ 0.00 |
| Firearms and sports, photographic and other hobby equipment | $1,000.00 | $0 | $1,000.00 | $1,000.00 | $ 0.00 |
| Interests in Insurance Policies | $3.00 | $0 | $3.00 | $3.00 | $ 0.00 |
| Interest in IRA, ERISA, Keough, or Other Pension or Profit Sharing Plans | $90,976.00 | $0 | $90,976.00 | $90,976.00 | $ 0.00 |
| Pension from employer | $1.00 | $0 | $1.00 | $1.00 | $ 0.00 |
| Automobiles, Trucks, Trailers, and Other Vehicles | $2,000.00 | $0 | $2,000.00 | $3,450.00 | $ 0.00 |
| Other Liquidated Debts Owing Debtor Including Tax Refund | $3,000.00 | $0 | $3,000.00 | $3,000.00 | $ 0.00 |
| Other Personal Property of Any Kind Not Already Listed | $600.00 | $0 | $600.00 | $600.00 | $ 0.00 |
| Animals | $2.00 | $0 | $2.00 | $2.00 | $ 0.00 |

Amount available upon liquidation ................................................. $  0.00

Less administrative expenses and costs ............................................ $  0.00

Less priority claims ............................................................. $  0.00

        Amount Available in Chapter 7 ................................. $  0.00

 /s/ Brian D. Rodriguez
JOHN C. LANGE (P39302)
BRIAN D. RODRIGUEZ (P57194)
Attorneys for Debtor(s)
GOLD, LANGE & MAJOROS, P.C.
24901 Northwestern Highway, Ste. 444
Southfield, MI  48075
(248) 350-8220
brodriguez@glmpc.com

 /s/ Lawrence C. Fetherolf, II
Lawrence C. Fetherolf, II - Debtor

/s/ Paula M. Fetherolf
Paula M. Fetherolf - Co-Debtor

## WORKSHEET

1. Length of Plan is ___ weeks; __60__ months; ___ years.

   Debtor #1:

2. $ _207.03_ per pay period x __130__ pay periods per Plan = $26,913.90 total per Plan

   Debtor #2:

   $___ per pay period x ___ pay periods per Plan = $___ total per Plan

3. $_____ per period x _____ periods in Plan =

4. Lump sums: $ _____

5. Equals total to be paid into the Plan — $ 26,913.90

6. Estimated Trustee's fees — $ 1,700.00

7. Estimated Attorney fees and costs — $ 5,000.00

8. Total priority claims — $ 0.00

9. Total installment mortgage or other long-term debt payments — $ 0.00

10. Total of arrearage including interest — $ 0.00

11. Total secured claims, including interest — $ 7,278.23

    Total of items 6 through 11 — $ 13,978.23

12. Funds available for unsecured creditors (item 5 minus items 6-11) — $ 12,935.67

13. Total unsecured claims (if all file) — $ 95,629.00

14. Estimated percentage to unsecured creditors under Plan (Item 12 ÷ by Item 13) — BASE

15. Estimated dividend to general unsecured creditors if Chapter 7, (See liquidation analysis attached) — $ 0.00

**COMMENTS:**

*H:\GLM CLIENTS - CH 13\Fetherolf, Lawrence & Paula\CH 13 Plan\Chapter13Plan.wpd*